LORETO VIQUEIRA VILLANUEVA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 859. Submitted January 7, 1932.—Decided January 19, 1932.

*M. Marcos Morales* for appellant.   The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Upon presentation for record in the Registry of Property of San Germán of a certain mortgage deed executed before notary public Miguel Marcos Morales by Loreto Viqueira in favor of the holder of certain promissory notes to bearer, the registrar made the record accordingly but stated as a curable defect the fact that "the attesting notary had failed to set forth . . . whether the witnesses to the instrument . . . did not fall within the exception disqualifying them to act as witnesses . . . . ."

Mention is made of another curable defect and other comments are contained in the decision, but these are not included in the appeal. We will confine our consideration to the only question raised.

Section 10 of the Act regulating the practice of the notarial profession (Comp. Stat. 1911, p. 383), is clear. In accordance therewith, in any instrument authenticated by a notary he need only set forth, as regards the witnesses thereto, their names and residences. This is what the notary did in the present case.

It is true that section 20 of the same Act (Comp. Stat. 1911, p. 385) provides, among other things, that public instruments shall be null and void where the relatives of the parties concerned therein, or the relatives, clerks, or servants of the notary authenticating the instrument, are witnesses thereto; but this does not mean that the notary is bound to set forth in the instrument itself that the witnesses are not such relatives. The instrument is correct if it contains what the law requires to be set forth therein, and until the contrary is shown in regard to the relationship of the witnesses, the same must be presumed not to exist.

This question was decided in that sense in *M. Grau & Sons* v. *Registrar,* 23 P.R.R. 352, 356. Although the point involved there was the failure to state the age, the reasoning of this Court in construing section 13 of the said Act, (Comp. Stat. 1911, p. 384), in connection with section 10 cited by us, covers the present case, thus:

"As to the curable defect of failure to state the ages of the witnesses in the instrument, although section 13 of the notarial act provides that no public instrument, save those provided for in special cases,—that is, those provided for in section 22 relating to wills and other *mortis causa* dispositions,—shall be authenticated unless executed in the presence of two witnesses, and that persons who do not know how to sign, relatives, clerks or servants of the certifying notary, and relatives of the parties in interest, within the fourth degree of consanguinity or second degree of affinity, shall not be admitted as such witnesses, section 10 requires only that their names and resi-

dences shall be set forth, and there is no provision of law which requires that their capacity shall be made to appear; wherefore the lack of this detail does not constitute a defect. Decisions of the Directorate of Registries of Spain of October 23 and December 5, 1903; February 5 and July 20, 1904."

To the same effect are the holdings of this Court in *Bosch* v. *Registrar,* 32 P.R.R. 1, and in *Monserrate* v. *Registrar,* 31 P.R.R. 752, which did not involve the requirement as to age but "the failure to state in the deed that the instrumental witnesses do not come within any of the causes of incapacity enumerated in subdivision 2 of section 20 of the Notarial Law."

The case of *Ríos* v. *Registrar,* 15 P.R.R. 648, invoked by the registrar, does not have the scope which he attributes to it. The phrase "without legal disqualification" was there construed as meaning that "it constituted the most complete negation of the presence in the witnesses of any of the disqualifications enumerated in the statute," but not that it was necessary to even set forth such phrase for the deed to become valid.

The circumstance that, in practice, a notary, besides setting forth the indispensable recitals as to the names and residences of the witnesses, customarily states that the latter are known to him, that they are of age, that they are not disqualified to act as such witnesses, may perhaps suggest that such practice is the best course in order to avoid any doubt or difficulty; but it does not mean that a deed becomes void where there is a failure to set forth those particulars. If any witness is in fact a relative, the instrument is equally void whether it fails to state that fact or whether the notary misrepresents the same.

The decision must be reversed as to that part thereof from which an appeal has been taken and record ordered to be made without the defect noted.